An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER MILTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61814

FILED

OCT 16 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of lewdness with a child under the age of 14 years. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant Christopher Milton contends that the district court abused its discretion by admitting testimony about the contents of text messages he sent to his cousin because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice and that this error denied him the right to a fair trial under the Due Process Clause. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State,* 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

Milton sent text messages to his 21-year-old cousin asking her to have sex with his friend so that his friend would provide him with marijuana. The State sought to introduce the contents of these messages into evidence to explain what prompted the six-year-old victim's mother to question her daughter further about why she did not want to go back to Milton's home after he babysat her on several occasions. The district court allowed the State to disclose to the jury that the text messages were of a

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31003

"sexual nature" but did not allow the State to discuss the details of the text messages. Milton objected, arguing that he would be unfairly prejudiced because the jury would be left to speculate about the contents of the text messages and how they were related to the charged crimes. At trial the victim's mother testified that Milton's cousin showed her "text messages that were sexual in nature which brought me concern for [my child]" and were "disturbing." The State also elicited testimony from the cousin who testified that the text messages did not involve the victim but were "sexual" and upsetting or disturbing. A police officer testified that Milton's cousin also showed her the text messages out of concern for the child victim.

Although Milton's text messages may have had some tendency to aid the jury in understanding why the victim's mother spoke with her daughter about whether she had been inappropriately touched by Milton, *see* NRS 48.015 (defining relevant evidence), the vague references to disturbing text messages of a sexual nature unnecessarily allowed the jury to speculate that Milton was sending text messages to his cousin about committing lewd acts with other six-year-old girls or other bad acts of a sexual nature. We conclude that the probative value of the text message testimony was substantially outweighed by the danger of unfair prejudice or misleading the jury and the district court abused its discretion by allowing the witnesses to describe the text messages as "sexual in nature" and "disturbing." *See* NRS 48.035(1).

But, we also conclude that the error was harmless and did not deny Milton a fair trial because there was overwhelming evidence of Milton's guilt. *See* NRS 178.598; *Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008); *Dowling v. United States*, 493 U.S. 342, 352 (1990)

(explaining that "the category of infractions that violate 'fundamental fairness'" is very narrow). The six-year-old victim testified that Milton touched her vaginal area and her testimony was corroborated by a detective, her mother, and her cousin. Furthermore, Milton told detectives that touching the victim's vaginal area was "arousing," "a little turn on thing," "a little fetish kinda thing," and a turn on for him. Accordingly, we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. James M. Bixler, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk